UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEANNA SMITH, | Case No. 12-14702 |
| Plaintiff, | Stephen J. Murphy |
| v. | United States District Judge |
| DEWBERRY, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 10)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights action on October 24, 2012.  (Dkt. 1). This matter was referred to the undersigned for all pretrial purposes. (Dkt. 9).  On February 6, 2013, defendants James Hill, Jodi DeAngelo,[1] Millicent Warren, and Daniel Heyns filed a motion to dismiss plaintiff's complaint.  (Dkt. 10).  Plaintiff was ordered to file responses by April 1, 2013.  (Dkt. 13).  That order provided that the "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**"  (Dkt. 13) (emphasis in original).  A review of the docket revealed that plaintiff had not filed a timely response to this motion.  Thus, the Court issued an order for plaintiff to show cause

---

[1] This defendant was apparently incorrectly identified as "Dodingelc."

in writing by April 30, 2013, why the undersigned should not recommend that plaintiff's complaint be dismissed for failure to file a response. (Dkt. 14). Alternatively, the Court indicated that plaintiff could file a response to the motion to dismiss by that same date. *Id.* In the show cause order, the Court specifically warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion to dismiss will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (Dkt. 14) (emphasis in original). Plaintiff failed to timely respond to the show cause order or file a response to the pending motion.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Heyns, Warren, DeAngelo, and Hill be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 10) be **TERMINATED** as **MOOT**.

## II.    ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction

is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant

because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if she failed to file a response to the motion and to the order to show cause. (Dkt. 13, 14). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute. Given the foregoing conclusions, the undersigned also recommends that all pending motions be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Heyns, Warren, DeAngelo, and Hill be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that

the pending motion (Dkt. 10) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: May 6, 2013                              s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 6, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Allan J. Soros, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Deanna Smith, #539887, 15318 Murray Hill Street, Detroit, MI 48227.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov